UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW D. WETZEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2527** |
| **RICHARD A. SWARTZ** | **SECTION "R"(4)** |

### ORDER AND REASONS

Plaintiff, Andrew David Wetzel, is a prisoner currently incarcerated in the David Wade Correctional Center in Homer, Louisiana. He is a frequent filer of frivolous lawsuits in the federal courts. Wetzel filed the instant complaint pursuant to 42 U.S.C. § 1983 against Judge Richard A. Swartz, Clerk of Court Malise Prieto, Deputy Clerk Eileen Chatellier, Assistant District Attorney Jason Cuccia, District Attorney Walter Reed, and Assistant District Attorney Dale Branch.[1] He alleges that one of the defendants stole a letter from him that would prove he received ineffective assistance of counsel at his criminal trial. He also alleges that the defendants relied upon false evidence to convict him. He requests monetary compensation and a restraining order to prevent him from being housed with a known enemy if he is transferred to the St. Tammany Parish Jail for a post-conviction hearing.

With his complaint, the plaintiff submitted a motion and application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[2] This motion is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

---

[1] Rec. Doc. Nos. 4, 7.

[2] Rec. Doc. No. 6.

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified in part at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court's records establish that Wetzel has filed over 35 civil lawsuits in this district alone. At least ten (10) of his prior civil complaints, filed while he was incarcerated, were dismissed as frivolous and/or for failure to state a claim for which relief could be granted. Those cases include, but are not limited to, the following: *Wetzel v. Slidell Police Dept.*, Civ. Action 09-0014"J"(3); *Wetzel v. St. Tammany Parish Jail*, Civ. Action 09-0025"A"(5); *Wetzel v. Hammond Police Department*, Civ. Action 09-0128"D"(4); *Wetzel v. Strain*, Civ. Action 09-7048"A"(1). Wetzel has previously been barred in this Court on numerous occasions from proceeding with his civil complaints pursuant to the three-strikes provision under § 1915(g). *See*, *e.g.*, Wetzel v. Louisiana Dept. of Corr., Civ. Action 13-5484"B"(1); *Wetzel v. Goodwin*, Civ. Action 13-3478"N"(5); *Wetzel v. Tanner*, Civ. Action 13-2487"B"(3); *Wetzel v. Gamble*, 13-2485"N"(4).

Wetzel is barred from proceeding as a pauper unless he can establish that he is in imminent danger of serious physical harm. He attempts to avoid the bar in this case by asserting that he may face physical danger when and if he is sent to St. Tammany Parish Jail for a post-conviction hearing related to his underlying conviction. To establish imminent danger of serious physical injury, the danger must be ongoing and exist at the time of filing the complaint. *Banos v. O'Guinn*, 144 F.3d 883, 884 (5th Cir. 1998); *Cloud v. Stotts*, 455 F. App'x 534 (5th Cir. 2011). Allegations of

speculative harms or dangers do not suffice. *See Harris v. Thaler*, No. 11CV124, 2012 WL 610827, at *1 (E.D. Tex. Feb. 24, 2012) (speculative assertions of future harm are not sufficient to show imminent danger). Wetzel has not met this burden.

The Court has contacted the clerk of court in the 22nd Judicial District Court in St. Tammany Parish and was advised that Judge Richard Swartz, Jr. denied Wetzel's application for post-conviction relief and that no hearing is set for December 10, 2014 or any other date in that matter. Wetzel also has not established that he is in imminent danger of serious physical injury at this time nor do his claims herein relate to a potential danger in his current confinement in the David Wade Correctional Center.

Based on his allegations, the Court finds that Wetzel has not shown that he is under imminent danger of serious physical injury to overcome the bar under § 1915(g) to his proceeding as a pauper. Plaintiff, therefore, is not entitled to proceed in forma pauperis. Accordingly,

**IT IS ORDERED** that Andrew David Wetzel's Motion to Proceed as a Pauper (Rec. Doc. No. 5) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana this  4th  day of December, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**